Guy H. Wyman, *Plaintiff in Error*, v. O. L. Gray, *Defendant in Error*.

Division B.

Opinion Filed August 1, 1927.

*Philip D. Beall* and *John M. Coe & L. V. Trueman*, Attorneys for Plaintiff in Error;

*Watson & Pasco & Brown* and *M. F. Caldwell, Jr.*, Attorneys for Defendant in Error.

Buford, J.—In this case an amended declaration in two counts was filed. Demurrer was sustained to the first count and plaintiff by leave of court filed an additional count. These two counts were as follows:

"SECOND COUNT: And the plaintiff, by his attorneys, further sues the defendant, for that heretofore, to-wit: on the 30th day of March, A. D. 1925, the said defendant being the holder of a large acreage of lands in the State of Florida, and desiring to employ the plaintiff, who was by profession a surveyor, entered into a certain contract in writing with him, copy of which is attached hereto

and marked Exhibit 'A,' whereby for certain compensations therein set forth, plaintiff agreed to render to defendant certain services therein more particularly described, in and in connection with the platting, care and sale of the said lands; that a part of the compensation so to be received by the plaintiff was a commission of 2½% upon the sale price of all lots or parcels of land, other than town lots, which might be sold by others than the plaintiff, during the life of the said contract. That thereafter, to-wit, on the 4th day of August, A. D. 1925, while the said contract was in full force and effect, and while the plaintiff was in the full performance of all his duties and obligations thereunder, there was sold by Messrs. McRae & Simpson, real estate brokers, at defendant's request, a certain parcel of said land, other than town lots, to-wit: a tract of 7,765.56 acres, being all of the lands of said defendant lying west of a line running North on the West side of the Town of Navarre, in Santa Rosa County, Florida, for the price of $35.00 per acre. Wherefore plaintiff says that defendant became and was indebted to him in the sum of $6,794.86 for commission of 2½% upon the said acreage at the said price; that said commission became due and payable on the 4th day of August, A. D. 1925, whereby plaintiff became and was entitled to receive interest thereon at the rate of 8% per annum from said date; that said principal and interest are past due and unpaid, and though often demanded defendant has failed and refused and still fails and refuses to pay the same or any part thereof, wherefore plaintiff sues and claims twenty-five thousand dollars ($25,000.00) damages.''

Additional Count:

''Comes now the plaintiff and by leave of the court first had and obtained files this his additional count to his declaration, and sues the defendant, O. L. Gray, for that here-

tofore, to-wit: on the 30th day of March, A. D. 1925, the said defendant being the holder of a large acreage of lands in the State of Florida, and desiring to employ the plaintiff, who was by profession a surveyor, entered into a certain contract in writing with him, a copy of which is attached hereto and marked Exhibit 'A,' whereby for certain compensations therein set forth, plaintiff agreed to render to defendant certain services therein more particularly described, in and in connection with the platting, care and sale of the said lands; that a part of the compensation so to be received by the plaintiff was a commission of 2½% upon the sale price of all lots or parcels of land, other than town lots, which might be sold by others than the plaintiff, during the life of the said contract. That thereafter, to-wit: on the 4th day of August, A. D. 1925, while the said contract was in full force and effect, and while the plaintiff was in the full performance of all his duties and obligations thereunder there was sold by others than the plaintiff a certain parcel of said land other than town lots, to-wit, a tract of 7,765.56 acres, being all of the lands of the said defendant lying West of a line running North on the West side of the Town of Navarre, in Santa Rosa County, Florida, for the price of $35.00 per acre. Wherefore plaintiff says that defendant became and was indebted to him in the sum of $6,794.86 for commission of 2½% upon the said acreage at the said price; that said commission became due and payable on the 4th day of August, A. D. 1925, whereby plaintiff became and was entitled to receive interest thereon at the rate of 8% per annum from said date; that said principal and interest are past due and unpaid, and though often demanded defendant has failed and refused and still fails and refuses to pay the same or any part thereof, wherefore plaintiff sues and claims twenty-five thousand dollars ($25,000.00) damages.''

The contract which forms the basis of the cause of action was attached to the amended declaration. The suit is based upon paragraph 4 of the obligations to be performed by the party of the first part which must be read in connection with paragraph 3 of the obligations to be performed by the party of the second part. Paragraph 4 referred to is as follows:

"4. To pay to the said second party a commission of $2\frac{1}{2}\%$ on all lots or parcels of land other than town lots which may be sold by others than the second party, it being understood that the right of the second party to make sales of lands not included within platted towns is not an exclusive right."

Paragraph 3 referred to is as follows:

"3. To negotiate for the sale of any and all of said property in a businesslike manner, and arrange and conclude sales in accordance with the terms of this contract, wherever possible."

There were three pleas filed to each count of the declaration, as follows:

"3. That it is not true that the alleged sale of the said lands was made by persons other than the plaintiff, but in truth and in fact the said sale was made jointly by the said plaintiff and other persons, to-wit: Messrs. McRae and Simpson, real estate brokers.

"4. That it is not true that the alleged sale of said property in the declaration mentioned was for the sum of thirty-five dollars ($35.00) per acre, but in truth and in fact the said sale was for $42.50 an acre and the plaintiff received as his commission from said purchase price more than $2\frac{1}{2}\%$ thereof.

"5. That the only sale made of the property mentioned in the said counts of the declaration was a sale to Harold McCaskill for the sum of $42.50 an acre from which

said purchase price $7.50 was paid to the plaintiff, and other brokers participating therein, of which said sum the plaintiff received as his commission for the making of said sale the sum of $2.06 per acre.''

To these pleas replication was filed, as follows:

''That at the time of the sale of the lands referred to in said pleas the plaintiff was in the performance of his contract with the defendant, which is attached to the declaration herein, and had no other or different contract with him in reference to said sale, either orally or in writing; that the defendant had listed the said lands for sale with Messrs. McRae and Simpson, real estate brokers, at a price of $35.00 per acre net to him; said lands being also listed with the plaintiff as shown by the contract above referred to; that it was understood and agreed between the plaintiff and Messrs. McRae and Simpson, that if either of them effected a sale of the land for a price in excess of $35.00 per acre the party so making sale would share his profits so made in excess of such price, after payment of necessary expenses with the other party in the following proportions, two-thirds to Messrs. McRae and Simpson and one-third to the plaintiff, a copy of said agreement being attached hereto and marked Exhibit 'B' and made a part hereof; that after the execution of said agreement, Messrs. McRae and Simpson without the participation of the plaintiff effected a sale of the said lands to Harold McCaskill for the sum of $42.50 per acre, and the sums of money paid to the plaintiff as mentioned in said pleas were his share of the overage pursuant to his contract with Messrs. McRae and Simpson, and that no payment of whatsoever kind has been made by the defendant to him, in satisfaction of the indebtedness of the said defendant, arising under the contract attached to the declaration herein.''

And attached to this replication was copy of the con-

tract between McRae and Simpson upon one part and Wyman of the other part, as follows:

"This agreement made and entered into on this the 9th day of May, 1925, by and between McRae and Simpson, party of the first part, and Guy H. Wyman, party of the second part, witnesseth:

"That the said parties for and in consideration of their mutual covenants hereinafter contained, to be duly kept and performed, do hereby contract, covenant and agree to and with each other, as follows:

"WHEREAS, O. L. Gray has listed with each of the parties to this contract certain lands known as the San Carlos lands at a price of $35.00 per acre, it is mutually agreed between the said parties, that they will jointly promote the sale of said lands on the following terms:

"That any amount received for the sale of said lands above the price of $35.00 per acre shall be divided two-thirds to the parties of the first part, and one-third to the party of the second part.

"It is further agreed that the lands will not be sold for a price of less than $42.50 per acre, on which amount there is to be allowed a 5% broker's commission, without the written consent of the parties hereto."

Demurrer was filed to the replication, as follows:

"Now comes the defendant, by his attorneys, and demurs to the replication of the plaintiff to pleas numbered 3, 4 and 5 because the same is bad in substance, in this:

"1. That the said replication constitutes no sufficient answer to said pleas or any of them.

"2. That it affirmatively appears from the said replication that the plaintiff and Messrs. McRae and Simpson acted jointly in effecting the sale of the property.

"3. That it affirmatively appears from the allegations of the replication that the plaintiff, under his arrangement

with Messrs. McRae and Simpson, realized an amount greater than he was entitled to under his contract with the defendant.

"4. That said replication is insufficient in law."

The demurrer to the replication was sustained and the plaintiff, refusing to plead over to said pleas and having elected to stand on the ruling on the demurrer, judgment was renewed in favor of the defendant against the plaintiff. To this judgment writ of error was taken. There was one assignment of error. It was:

"That the court erred in sustaining the defendant's demurrer to plaintiff's replication to pleas numbers 3, 4 and 5, and in entering final judgment thereon, by its order dated January 18th, 1927."

The declaration based the plaintiff's right or recovery squarely on paragraph 4 of the obligations assumed in the contract on behalf of the defendant and plead the entire contract. Pleas having been filed which in effect denied plaintiff's right to recover under this stipulation of the contract, the plaintiff then by replication set out in full the course which he and others connected with the matter had pursued and the results obtained and upon demurrer being filed the question before the court is whether or not the plaintiff under the allegations of the declaration could recover upon the facts as stated in his replication. This question the court below decided against the contentions of the plaintiff. When the plaintiff entered into contract with defendant the defendant, under certain conditions, agreed to pay the plaintiff $2\frac{1}{2}\%$ commission as stated in paragraph 4 above referred to. The plaintiff on his part agreed to negotiate for the sale of any and all of the said property in a business-like manner and arranged and conclude sale in accordance with terms of the contract wherever possible.

The contract made between defendant upon the one part and McRae and Simpson on the other is not pleaded. The

contract, however, between McRae and Simpson of one part and the plaintiff of the other recites that the lands of O. L. Gray were listed with each of the parties at a price of $35.00 per acre and in that contract they agreed between themselves that they would not sell Gray's land for less than $42.50 per acre. This contract between the agents was not fair to Gray and constituted a legal fraud against his interest. Under the contract between Gray and the plaintiff the plaintiff was bound to negotiate for the sale and to conclude sales of that property under the terms of the contract *wherever possible.* Under the terms of the contract, if he could get only the fixed price of $35.00 per acre he was bound to close at that price and to accept the 5% commission and whether or not any loss accrued to Gray by reason of the plaintiff having entered into this contract with McRae and Simpson is immaterial. When he entered into that contract he placed himself where he could not without violating that contract negotiate a sale of Gray's lands at the fixed price agreed upon between him and Gray. In other words, he allowed his own interest in acquiring compensation to overshadow the interest of his principal in effecting a sale of the property and constituted the exercise of bad faith.

The plaintiff under his declaration could only recover in the event the sale was made by a party other than himself. The replication pleads the contract between the persons who are alleged to have made the sale and the plaintiff and alleges that the sale was made and compensation divided pursuant to the terms of that agreement. When that agreement was made McRae and Simpson and the plaintiff entered into a joint venture to accomplish the sale of the lands at a price of not less than $42.50 per acre and thereafter any act performed by either of the parties became the act of each of the parties. It therefore follows that a sale made in pursuance of that agreement, although actual-

ly handled by McRae and Simpson, was as much a sale by the plaintiff as it was by McRae and Simpson, which precluded the plaintiff from collecting commission from the defendant due to him only in the event that sale was made by another than the plaintiff.

The demurrer was properly sustained and judgment is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.